## Elijah Jennings v. Abraham Jennings.

1. VERDICTS—*On Conflicting Evidence.*—Where the evidence is irreconcilably conflicting, and there is enough of the successful party standing alone to support the verdict, in the absence of adverse ruling upon the evidence, or erroneous instructions. a court of review will not disturb the verdict on the ground that it is unsupported by the evidence.

Replevin.—Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

J. F. VAN VOORHEES and DUNDAS & O'HAIR, attorneys for appellant.

VAN SELLAR & SHEPHERD, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant sued appellee before a justice of the peace in an action of replevin to recover eleven hogs, he claiming ownership of the property. The case was appealed to the Circuit Court and there a trial by jury ended in a verdict against the appellant and a judgment for a return of the property, and to reverse this judgment he prosecutes his further appeal to this court, and has argued, to effect such reversal,

Jennings v. Jennings.

the single question that the verdict is against the weight of the evidence.

The parties are brothers, and it appears, when this controversy arose, lived upon adjoining farms. Both owned hogs, and the fences not being perfect, the hogs of each sometimes went upon the premises of the other, and may thus have gotten mixed. At any rate both of them claimed the ownership of the eleven hogs in controversy. We have examined the evidence of the contending parties and find it irreconcilably conflicting. The evidence of either side standing alone in the record, would support a verdict in favor of the party to whom it might be returned. In such a case, in the absence of adverse ruling upon the evidence, or erroneous instructions, it has often been held—so often that the citation of authorities is unnecessary—that a court of review will not disturb the verdict on the ground that it is unsupported by the evidence. No complaint is made here of the ruling of the trial court upon the evidence, or the instructions to the jury. The credibility of the witnesses in the case was doubtless a vital and controlling issue upon the trial. The jury saw and heard them, as did the trial judge, and we must presume credit was given where it was believed to be due. We can not see nor hear the witnesses and for such reason can not decide the question of their credibility as well as the jury and the trial court. If the jury were influenced by whim or prejudice, as counsel for appellant so urgently insist, we are unable to discover it in the record. Did we believe they were so actuated, we would not hesitate to set aside the verdict. The trial court, which was cognizant of everything that occurred upon the trial, has approved the verdict, and, ever mindful of its obligations to see that justice be done, would not have done so if it believed the jury were controlled by prejudice in arriving at their verdict, and we must therefore believe they acted fairly and justly. The judgment of the Circuit Court will be affirmed.